## PASSANO *vs.* ACOSTA.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

An agent, who has disregarded his principal's instructions, cannot repel his claim for damages by showing his agency was gratuitous.

This suit was brought to recover the amount of a promissory note, which the plaintiff alleged he placed in the hands of the defendant (his attorney in fact), for collection, and for

the proceeds of which the latter refused to account. The
answer admitted, that the defendant, acting under a power of attorney from the plaintiff, received from the drawer a new note in lieu of the one placed by the plaintiff in his hands for collection, which last mentioned note he handed to the plaintiff, who made no objections to the arrangement. The written power produced did not confer the authority contended for by the defendant, and the verbal evidence went to show, that the plaintiff instructed the defendant not to press *the drawer for* the payment of the original note at maturity, but if he could pay a part, to indulge him for the remainder, provided he gave security. It appeared that no part of the original note was paid, and the new note was taken *without* security, payable to the defendant, and not endorsed. There was no *evidence that the plaintiff expressed himself satisfied* with the second note, or that he received it from the defendant. It was left by the latter in the books of one Zino, of which the defendant had charge, and by Zino handed to the plaintiff. The court *a quo* gave judgement for the plaintiff, and the defendant appealed.

PORTER, J., delivered the opinion of the court.

The petition states, that the plaintiff placed in the hands of the defendant, a note for collection executed by one Francis Gaggino, and that the defendant, though often requested, has refused to return the note, or pay its amount.

The answer admits the agency, but affirms that the defendant has handed over to the plaintiff a note of the said Gaggino, payable to the defendant, not yet due, and which note the defendant had received in payment of that mentioned in the petition, in pursuance of the power vested in him by the plaintiff.

There was judgement in the court of the first instance for the plaintiff, and the defendant appealed.

The cause turns, principally, on the questions, whether the plaintiff conferred power on the defendant to novate

PASSANO
vs,
ACOSTA.

the note, or, if he did not, whether he has ratified the act of his agent.

The written power produced does not confer the authority which the defendant contends he had, and the parole evidence fails to establish it. The plaintiff has not relied alone on the want of power which results from the failure of the defendant to show it ; he has proved his directions were not complied with. The authority to novate being accompanied with the condition of the maker giving security. The note here was taken in favor of the defendant, and has not been endorsed by him.

There is not sufficient evidence to authorize us to say the plaintiff ratified the act of his agent. The latter was charged with the care and management of a store in which the former was a partner, and this note was found among the books which the defendant left when his agency terminated. It is proved the plaintiff complained of the act of the defendant, and that he told him he could not lose the whole amount of the note.

An agent, who has disregarded his principal's instructions, can not repel his claim for damages by showing his agency was gratuitous,

The defence which is presented by the defendant, of the mandate being gratuitous, and of his act being, under all the circumstances, a sound exercise of discretion, cannot avail him; for, under the evidence, discretion was not conferred on him to the extent now claimed. He was directed not to renew the note unless the maker gave security.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed with costs.

*Cannon,* for appellant.  *Seghers,* for appellee.