DRAPER *vs.* TERRELL ET AL.

APPEAL FROM THE PRESIDING JUDGE OF THE CITY COURT OF NEW-ORLEANS.

No appeal lies directly from the City Court of New-Orleans to the Supreme Court, even when the case exceeds three hundred dollars.

Appeals from the City Court of New-Orleans must be taken to the District or Parish Court, in the first instance.

The appeal will be dismissed when the evidence in the record is insufficient to test the correctness of the judgment below.

Damages will not be awarded the appellee for delay, when the appellant has taken an appeal to the wrong court, if by this act he hastens the time when the plaintiff may resort to his execution.

This is a suit first instituted in the court of the presiding judge of the City Court of New-Orleans, against the defendant, on his promissory note for seven hundred and eighty dollars. The plaintiff had judgment, and the defendant prayed for, and obtained an appeal directly to the Supreme Court.

The act of 1826, creating and organizing the City Court of New-Orleans, section 5, provides that either party has "the right of appeal from any final judgment rendered by the presiding judge of said court, either to the First Judicial District Court, or to the Parish Court of New-Orleans." *Moreau's Digest*, 344, *section 5.*

11

EASTERN DIST.
May, 1837.

DRAPER
vs.
TERRELL ET AL.

The act approved May 2d, 1836, extends the jurisdiction of the City Court to all "suits founded on notes, bills of exchange, or drafts, when the amount does not exceed one thousand dollars," and is silent as to appeals.

*Bodin,* for the plaintiff, urged the affirmance of the judgment below, with damages, as for a frivolous appeal.

*Preston,* for the defendants.

*Martin, J.,* delivered the opinion of the court.

The defendants are appellants from a judgment in which the plaintiff recovered the sum of seven hundred and eighty dollars, and the appeal is taken directly to this court, without any intermediate one, to the District or Parish Court. The plaintiff and appellee has prayed an affirmance of the judgment, with damages, for a frivolous appeal, which he alleges was taken for no other purpose than delay.

The appellant has resisted his claim on the ground that this court is without jurisdiction, in the case of an appeal directly brought to it, from the presiding judge of the City Court.

No appeal lies directly from the City Court of New-Orleans to the Supreme Court, even when the case exceeds three hundred dollars.

Appeals from that magistrate are by the act constituting that court, directed to be taken to the District or Parish Court, at the option of the appellant. 1 *Moreau's Digest,* 345, *section 5.*

Appeals from the City Court of New-Orleans must be taken to the District or Parish Court in the first instance.

By the act of 1836, his jurisdiction was extended in a case like the present to demands of one thousand dollars, and no mention is made in the act of that year, of the mode of appealing. It is therefore clear, that the former mode is the legal one, on which the appellee has a right to insist. Whether we may proceed on such an appeal when the appellee waives this right, is a question which we have thought unnecessary to act upon in this case, contenting ourselves with observing that the objection comes with an ill grace from the appellant.

The appeal will be dismissed when the evidence in the record is insufficient to test the judgment below.

Damages will not be awarded the appellee for

If we have no jurisdiction, the appeal must be dismissed; if we have, it must have the same fate, because the record

does not contain the evidence adduced below, and we are, therefore, unable to test the correctness of the judgment.

The damages asked by the appellee cannot be granted to him, because it is clear, that by bringing the appeal directly to this court, the appellant hastened the time when the plaintiff may resort to his execution, which would have been protracted if he had taken the circuitous route to this court, through the District or Parish Court.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed, with costs.

EASTERN DIST.
*May*, 1857.

