Stockett, Adm'r of Ellen Bird, *vs.* Jacob W. Bird's Adm'r.

(Decided July 9th, 1862.)

---

# FRANK H. STOCKETT, Adm'r of ELLEN BIRD, *vs.* JACOB W. BIRD's Adm'r.

Certain *choses in action*, consisting of notes and obligations, were given to the wife during *coverture*, and were not reduced into possession, nor judgments obtained on them by the husband, in *his lifetime*. The wife died intestate, and without leaving children. HELD:

1st. That these *choses in action* belong to the administrator of the wife, under Art. 92, sec. 32; and not to the husband under Art. 45, sec. 2, of the Code.

Stockett, Adm'r of Ellen Bird, *vs.* Jacob W. Bird's Adm'r.

2nd. No distinction can be made between such of these *choses in action* as accrued to the wife before, and such as accrued to her after, the adoption of the Code: for in the former case they would belong to the wife's administrator under the Act of 1798, ch. 101, sub-ch. 5, sec. 8.

Art. 93, sec. 32, of the Code, creates an *exception* to the *general* provisions of Art. 45, sec. 2: the two must be read together, and construed upon the rule, that where a *general* intention is expressed in a statute, and also a *particular* intention incompatible therewith, the latter is to be considered in the nature of an *exception*.

APPEAL from the equity side of the Circuit court for Anne Arundel county.

This appeal was taken under *Art. 5, sec. 25,* of the *Code,* from an order dated November 26th, 1861, of the court below (BREWER, J.) refusing an injunction. The injunction was not asked for in the bill, but by petition on the facts disclosed in the *answer.* In the course of the argument in this court the question was raised, whether this was a case coming within the provision of the Code, but a majority of the judges who heard the case, decided that it did. The facts of the case are sufficiently stated in the opinion of this court.

The cause was argued before BOWIE, C. J., GOLDSBOROUGH and COCHRAN, J.

*Frank H. Stockett* for the appellant:—Ellen Bird died, (as for the purposes of this case must be conceded,) a few hours before her husband, Jacob W. Bird, intestate, and leaving no children. The administrator of the husband found a number of notes or *choses in action* payable to Ellen Bird, some among the private effects of Ellen, and others among the papers of the husband, but none of them had been reduced into possession, or judgments recovered on them by the husband in his lifetime, and the only question is, whether these *choses in action* devolve upon the administrator of the wife, or belonged to the husband? This depends upon the construction to be given to the two sections of the Code, Art. 45, sec. 2, and Art. 93, sec. 32. The appellant contends:—

1st. That these notes being *choses in action* of the wife, not

reduced into possession by the husband, or judgments obtained thereon in his lifetime, devolve upon her administrator, according to the *express provision* of Art. 93, sec. 32, which is but a codification of the Act of 1798, ch. 101, sub-ch. 5, sec. 8.    4 *Md. Rep.*, 316, 328, *Crane vs. Gough.*

2nd. That Art. 45, sec. 2, which declares that where a married woman dies intestate, leaving no children, *"her personal property"* shall vest absolutely in her husband, cannot be construed as repealing, or as contradictory to the law as enacted in relation to *choses in action,* which are a peculiar species of property, but must be construed to embrace all *other* personal property except *choses in action.*   This section makes a general provision for all personal property, and the *subsequent* section of Art. 93, *exempts from its operation* this particular *species* of personal property; such must be the construction of the two sections.

Thos. *S. Alexander,* for the appellee.

1st. Upon the true construction of Art. 45, secs. 1, 2, *choses in action* of the wife dying intestate, and without children, devolve in absolute property on her surviving husband.   They constitute part of the wife's *personal property,* within the purview of that article, and are subject to all its provisions.   Art. 93, sec. 32, is admitted to be inconsistent with the preceding Article, since it professes to give to the *choses in action* of the wife, a destination altogether at variance with the provisions of Art. 45, and for this reason may and ought to be disregarded.   By Art. 45, she holds *all her property real and personal,* belonging to her at the time of her marriage, or acquired since, to her *separate use,* with power of devising it as if she were a *feme sole.*   Now if *choses in action* are affected by the subsequent Article, she could not hold them to her separate use, nor devise them, and the salutary provisions of Art. 45 would, in a great measure, be defeated, because every description of *choses in action,* embracing a vast amount of property, would be exempt, from *all* the provisions of that Article.   As illustra-

tive of the antecedent law on this subject, reference is made to the *Acts. of* 1798, *ch.* 101, *sub-ch.* 5, *secs.* 8, 9; 1841, ch. 161; 1842, ch. 293; 1853, *ch.* 245; 12 *Md. Rep.,* 294, *Schindel vs. Schindel;* 14 *Md. Rep.,* 258, *Bridges vs. Mc-Kenna;* 17 *Md. Rep.,* 352, *McKee vs. McKee.* The provisions of Art. *45,* are evidently in consonance with the *present policy of the State,* whilst the provision in Art. 93, sec. 32, is *obsolete law,* and was doubtless embodied in the Code *inadvertently.*

2nd. The Code operated only on the *choses in action,* made to the wife *since* its adoption, January 12th, 1860. The case of *Peacock vs. Pembroke,* 4 *Md. Rep.,* 280, is referred to, in order to show that the notes taken anterior to the adoption of the Code vested *eo instanti* in the husband, and this absolute right could not be divested by the subsequent enactment of the Code. See, also, *Code, Art. 1, sec. 1.*

3rd. If the rights of the husband to the *choses in action,* taken in the name of his wife during coverture is dependent in any degree upon the election of the husband, it is submitted, that an election was certainly made in regard to the notes, which were retained by the husband in his own possession.

GOLDSBOROUGH, J., delivered the opinion of this court.

This is an appeal upon the original papers and proceedings, under the provisions of the 25th section of the 5th Article of the Code, from an order of the Circuit court for Anne Arundel county, refusing an injunction, upon the petition of the appellant, filed in a case instituted by him, as administrator of Ellen Bird, against the appellee, as administrator of Jacob W. Bird, Sen., who was the husband of the appellant's intestate.

The principal purpose of the original bill was, to discover and obtain an account of the personal estate of Ellen Bird, including certain *choses in action,* claimed by the appellant as her administrator, and which it charges the appellee to have received amongst and with, the personal estate and effects of his intestate. The appellee by his answer admits, that he

found among the private papers and effects of his intestate, and of Ellen Bird, and now has in his possession, certain notes and obligations made to her, the dates, amounts, and makers of which, appear by the exhibits filed with the appellee's answer, and that, as administrator, he claims them as part of the personal estate of his intestate.

These *choses in action* appear to have been given to Ellen Bird during her coverture, and were not reduced into possession, nor judgments obtained on them, by her husband, in his lifetime.

The averments of the petition for the injunction, are substantially supported by the responsive admissions of the answer and exhibits; and the question is, whether the appellant has disclosed such a case as to be entitled to a writ of injunction, as prayed?

In our opinion no distinction can be taken in this case, between the *choses in action* which accrued to the wife before, and those which accrued to her after, the adoption of the Code. It is clear that, under the Act of 1798, ch. 101, sub-ch. 5, sec. 8, the *choses in action* of a *feme covert* dying intestate, devolve upon her representatives, and that administration may be granted accordingly, unless the husband in his lifetime, shall have reduced them into possession, or have recovered judgment upon them.

In the argument of the case it was contended, that under the 2nd section of Article 45, of the Code, the *choses in action* in question, vested absolutely in Jacob W. Bird, the appellee's intestate, he having survived his wife. This construction of that provision entirely defeats the operation of the portion of the Act of 1798 referred to, and re-enacted in the 32nd section of Article 93. This view of these statutory provisions is erroneous. It is the duty of the court to construe these apparently repugnant provisions so as to give them effect, and by applying a familiar rule of construction in such cases, we think there can be no difficulty in reaching that result. The provision contained in the 2nd section of Article 45, is general in

its terms, and by it, the personal property of the wife dying intestate, is made to vest in the husband absolutely, yet, as the Legislature did, by the 32nd section of Article 93, provide for a case of a husband surviving his wife, she leaving *choses in action*, and these not reduced into possession, or judgments obtained on them by the husband, such legislative Act creates an exception, and the two provisions should be read together and construed in that relation. So considered, they must be construed upon the rule, "that when a general intention is expressed in a statute, and the Act also expresses a particular intention, incompatible with the general intention, the particular intention is to be considered in the nature of an exception." *Dwarris on Statutes*, 765. Before the passage of the Code, the *choses* in question would have devolved upon the wife's representative, and since its passage, the construction we have given to the Articles mentioned, leads to the same result.

We are of opinion, that the appellant has, by his petition, taken in connection with the answer and exhibits, presented a case sufficient to justify the issue of an injunction as prayed, and that the Circuit court erred in refusing to grant it. The order of refusal must, therefore, be reversed; and this court will pass an order that an injunction issue as prayed.

*Order reversed and injunction granted.*

(Decided July 9th, 1862.)

BARTOL, J.—Although I did not sit at the argument of this case, I have had an opportunity of uniting with my brothers in its examination, and fully concur in the foregoing opinion.