(Decided May 2nd, 1866.)

---

## CHARLES D. HISS *vs.* STATE OF MARYLAND.

INDICTMENT AT COMMON LAW OF JUSTICE OF THE PEACE FOR MALFEASANCE IN OFFICE: MISDEMEANOR: MOTION IN ARREST OF JUDGMENT.—A Justice of the Peace having discharged a prisoner brought before him, charged with the larceny of certain bank notes and promissory notes, and having refused to deliver the same, which he had taken from the prisoner when on examination, to one W. D., to whom the latter had assigned them, an indictment was found against him, charging that he, being then and there a Justice of the Peace, unlawfully, wilfully, oppressively, corruptly, and in violation and contempt of his duty as Justice of the Peace, neglected and refused to deliver the said bank notes and promissory notes to the said W. D., being then and there requested so to do, well knowing the said W. D. was entitled to receive the same, &c. The traverser having pleaded *not guilty*, after trial and verdict of *guilty*, moved an arrest of judgment, which being overruled he sued out a writ of error, HELD:

1st. That the plaintiff in error having been tried and found guilty of the facts as charged, whether by a jury or by the Court, upon submission those facts must be assumed to be true.

2nd. That the facts charged constitute an offense amounting to a misdemeanor, for which the plaintiff in error was indictable and punishable at common law.

WRIT OF ERROR to the Circuit Court for Baltimore County.

This was a *writ of error* to the Circuit Court for Baltimore county, in the case of the indictment of one Charles D. Hiss, a Justice of the Peace for malfeasance in office, removed from the Criminal Court of Baltimore City. The facts are stated in the opinion of this Court.

The cause was argued before Bowie, C. J., and Bartol, Goldsborough, Cochran and Weisel, J.

*John H. Ing* for the plaintiff in error.

The indictment charges that " after the release of the negro, Silas Wright, it then and there became and was the duty of the said Hiss, as Justice, to deliver the money to the person legally entitled to demand and receive the same.

The State thus, by its own averment, concedes that the discretion by judgment of the Justice, was to be exercised in determining "the person legally entitled to demand," &c.

For error of judgment in deciding that Mr. Daniel was not entitled, and as a consequence of such error of judgment in neglecting and refusing to pay Mr. Daniel, the appellant is arraigned criminally. Does this constitute a criminal offense? Can the indictment be sustained?

In *Martin vs. Mott,* 12 *Wheaton, p.* 31, the Supreme Court of the United States say: "Whenever a statute gives a discretionary power to any person, to be exercised by him upon his own opinion of certain facts, it is a sound rule of construction that the statute constitutes him the sole and exclusive judge of the existence of these facts.

It was the plain duty of the Justice to retain the money for the master, or to await proof of the negro's freedom. No man is liable to an action for what he doth as judge. 2 *Hawk Pl. of the Crown,* 85, sec. 20.

Under the 4th Art., 1st sec. of Constitution of 1851, judicial power was vested in Justices. For an error in

judgment a Justice is not punishable. *Burr*, 556, 785, 1162.

Upon the facts set forth in the indictment, a civil action was the remedy of Mr. Daniel, not an indictment. In *Deal vs. Harris*, 8 *Md. Rep.*, 40, the Court of Appeals say in substance : "The Judge is to be held harmless for a wrong judgment, provided the error results from an erroneous conclusion at which he arrives.

*Negro Peter vs. State*, 4 *H. & Mc H.*, 3, is an authority to show that on a writ of error the judgment of an inferior Court may be reversed in a criminal case.

That a writ of error is a remedial writ, and may be used in every case, *ex merito justitiæ*, see *Show.*, 13, 260. *I Lev.*, 149, 189. *Hob.*, 116. *Vent.*, 30, 34, 353, 42, 203. 1 *Leon*, 325. *Salkeld, Walcott's case, Co. Litt.*, 260 *a*.

*A. Randall*, Attorney General for the State.

The State, the appellee, contends that the Court below was correct in overruling the motion in arrest of judgment.

1st. Because the jury by their verdict having found that the traverser by virtue of his office, took these bank notes and promissory notes from Silas Wright, a prisoner charged with stealing them, whom he afterwards released from that charge, and that the notes should have been returned to the prisoner's assignee, William Daniel, who demanded the same, and who was known to the traverser to be the assignee thereof ; and that the traverser unlawfully, wilfully, oppressively, corruptly, and in violation and contempt of his duty in that behalf as Justice of the Peace, neglected and refused to deliver the same, &c., did thereby convict the traverser of the charge set forth in the indictment.

This finding of the jury excludes the idea of the negro's being a slave or unable to make the assignment of the

notes, and indeed all other of the defences set up in this Court by the traverser inconsistent with this verdict.

It was a matter of no consequence whether or not there was any obligation on the part of the traverser officially to receive these notes from the prisoner, as he did in fact receive them by virtue of his office. Having thus received them, and afterwards released the prisoner from the charge of stealing them, it was the duty of the traverser, as Justice of the Peace, to restore them to the prisoner's assignee, known to him as such, which itself excludes the idea of any other ownership.

It was no business of the Justice of the Peace to set up pretended claims for imaginary owners, in violation of his plain official duty to the assignee whom he knew, as the verdict shows, to be the real owner of the notes.

This is not a case of any error of judgment or discretion of a Justice of the Peace in the discharge of his official duty, for his duty officially had terminated when he discharged the negro prisoner, and as an incident these notes should then have been delivered to the assignee, but the traverser having, as the jury find, wilfully, corruptly, unlawfully, oppressively, and in violation of and contempt of duty, refused so to do, excludes any such notion as error of judgment or of discretion.

2nd. The facts being thus clearly found, and the wilful, corrupt and oppressive conduct of the Justice of the Peace being clearly proved, and his prostitution of his office to a corrupt purpose, he is subject to punishment, either by information or indictment, as will be seen by the following authorities, viz : 5 *Bacon's Abr.*, 426, (*edition in the Library, title, Justices of the Peace, letter F, secs.* 1 *and* 2, *p.* 429. 4 *Burn's Justice of the Peace, pages* 30 *and* 31. 2 *Hawkins*, 85. *Rex vs. Seton*, 7 *T. R.*, 374. *Rex vs. Barron*, 3 *Barn. & Ald.*, 432.

Bowie, C. J., delivered the opinion of this Court.

An indictment was found against the plaintiff in error, charging that on the 1st of June, 1863, at the City of Baltimore, Silas Wright, a negro, was arrested and brought before the plaintiff in error, who was then and there a Justice of the Peace of said city, accused of stealing certain bank notes and promissory notes, and upon a hearing by the Justice was discharged; that at the time of the arrest, Wright was searched and certain bank notes taken from him and delivered to the plaintiff in error, who was in duty bound to deliver the same to the person legally entitled to demand and receive the same; that William Daniel afterwards became and was legally entitled to receive the same, and the plaintiff in error, then and there, unlawfully, wilfully, oppressively, corruptly, and in violation and contempt of his duty in that behalf as Justice of the Peace, did neglect and refuse to deliver the bank notes, etc., to the said Daniel, being then and there requested so to do, well knowing the said Daniel was so entitled, etc. Upon which indictment, the plaintiff in error being arraigned, pleaded *not guilty*, and put himself upon his country, and being found *guilty*, moved in arrest of judgment, which being overruled, the traverser sued out his writ of error.

The points relied on by the plaintiff in error, are:

1st. That a Justice of the Peace is not liable to indictment for error of judgment in the discharge of his official duties.

2nd. That the indictment did not charge any offence for which the traverser was criminally liable.

3rd. That he was under no legal official obligation to receive or pay over the money.

It is one of the most ancient, fundamental and cherished maxims of the common law, that a Judge should not be

liable civilly or criminally, for error in judgment in the discharge of his office.

" This freedom from action and question at the suit of an individual (it has been observed) is given by the law to the Judges, not so much for their own sake as for the sake of the public and the advancement of justice, that being free from actions they may be free in thought and independent in judgment, as all who are to administer justice ought to be." * * * But the law distinguishes between error of judgment and corruption, or wilful neglect of duty. For these there is, and always will be, some due course of punishment by public prosecution. *Brooms' Legal Maxs.*, p. 41, *L. L.*, vol. 50. *Garnett vs. Ferrand*, 6 *B. & C.*, 625, 626. *Vaugh, R.*, 383.

Another venerable authority declares, " Justices of the Peace are not punishable civilly for acts done by them in their judicial capacity, but if they abuse the authority with which they are entrusted, they may be punished criminally at the suit of the King by way of information. But in cases where they proceed ministerially rather than *judicially*, if they act corruptly, they are liable to an action at the suit of the party, as well as to an information at the suit of the King. *Hale's Pleas of the Crown*, 2 *vol.*, 57.

Lord MANSFIELD, in a case in Burrows, said, "If it clearly appears that the Justices have been partially, maliciously or corruptly influenced in the exercise of this discretion, and have consequently abused the trust reposed in them, they are liable to prosecution by indictment or information ; or even, possibly by action, if the malice be very gross and injurious. 3 *Burns' Justice*, 31. *See also*, 2 *Bay*, 385. 4 *Bibb*, 28. 15 *Wend*, 277. 6 *Cowen*, 661. *Cited*, 5. *Bacon Abr.*, title, *Justices of the Peace, Letter J*, p. 429.

These principles are plainly recognized in *Brevard vs. Hoffman,* 18 *Md. Rep.,* 484, which was an action against Judges of Election, for refusing the plaintiff's vote ; the defence was, that the Judges acted in a judicial capacity, and were not liable. Referring to which, this Court thus defined the law : " When the act in question is that of a judicial officer, all the law can secure is a guarantee that they shall not with impunity do wrong, *wilfully,* fraudulently or corruptly. If they do so act, they are liable, both civilly and criminally ; but for an error of judgment they are not liable either civilly or criminally."

All the elements of crime are enumerated in the indictment, the wilful, unlawful, corrupt violation and contempt of duty, as a Justice of the Peace, in neglecting and refusing to deliver the bank notes to the said Daniel, being then and there requested so to do, *knowing him to be entitled to the same.* It is immaterial whether the law imposed upon him the duty to receive the property, (of which we express no opinion,) it was received by him, under color of his office, if not " *virtute officio,*" and there can be no doubt of his legal obligation to restore it to the person entitled.

The plaintiff in error having been tried and found guilty of the facts as charged, whether by a jury or the Court, upon submission, those facts must be assumed to be true. They constitute in our judgment an offence amounting to a misdemeanor, for which the plaintiff in error was indictable and punishable at Common Law. Finding no error in the judgment below, it must be affirmed.

*Judgment Affirmed.*

(Decided May 11th, 1866.)