Idsi/ey, J.
On the 29th January, 1862, the plaintiff, by letter, translitted to the defendants twq drafts; one for one thousand dollars and íe other for five hundred dollars, both drawn on the 14th of the same tonth by the Branch of the Planters’ Bank of Tennessee, at Clarkesville, n the Union Bank of New Orleans, with instructions to place them to is credit. Those drafts, upon their face, are payable “in currency."
On the 12th February, 1862, the defendants addressed and forwarded > the plaintiff the following letter:
“A. J. Fbv, Esq., Seguin Texas.
Bear Sh — Your favor of the 29th ult. is received, enclosing two checks lanters’ Bank of Tennessee, on Union Bank of Louisiana; one for one loúsand dollars and one for five hundred dollars, making fifteen hundred filars, which we have placed to your credit, etc. ”
It is to recover the amount of these drafts, standing with the defentnts to the credit of the plaintiff, that the present suit is brought. It is proved that the collection of these bills was made by the defends in the treasury notes of the then so-called Confederate States; Ld these identical notes they have always retained, and they tender them the plaintiff as the proceeds of the bills.
The plaintiff demands legal currency.
The result of the present controversy depends upon the construction be placed on the words “in currency ” used in the bills, for if the fendants’ are correct in their interpretation of the words, the plaintiff mid have no standing in court.
When words in instruments may convey two different meanings, the e in harmony with, and the other antagonistic to the law, the former raid always, upon principle, be adopted; because, in that sense legal ect can be given to the instrument, whilst the other would render it gatofy. ' O. C. 1946,
*372 The words in currency in the bills which the defendants undertook to collect for the plaintiff, means current money, in the legal sense. If the parties intended to attach a different meaning to them, the instruments themselves should show it, which they do not.
It was so ruled, and correctly, in Dugan v. Campbell, 1 Hammond, Ohio Rep., p. 115. The defendants were not authorized to receive in payment of the drafts anything but legal currency.
They accepted the mandate, and although it was gratuitous they are nevertheless responsible, under the facts of this case, for their fault or neglect. C. C. 2971, 2972, § 2. 4 La. 28. 11 La. 81. Imboden v. Richardson, 15 A. 534.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs.,