## MARSHALL *v.* WADSWORTH.

Highway surveyors have no authority to arrest the body to enforce collection of a highway tax.

PETITION, for a writ of *habeas corpus*, alleging that Joseph E. Wood, of Hudson, is illegally imprisoned and detained in the county jail, by David Wadsworth, the jailer. The defendant justifies the imprisonment by virtue of a certificate of George W. Marshall, Jr., highway surveyor of district No. 6, in Hudson, for the year 1886–'87, upon a copy of his warrant, of the sum said Wood was taxed for in his list, and that he has taken his body for want of goods and chattels whereon to make distress, and committed him to the jail, and that the defendant detains said Wood in his custody for non-payment of said tax, cost of commitment, and charges of imprisonment.

*C. W. Hoitt*, for the plaintiff.

*J. A. Leach* and *E. S. & H. A. Cutter*, for the defendant.

BLODGETT, J.   Collectors of taxes have all the powers vested in constables in the service of civil process (G. L., *c.* 58, *s.* 1), and " For want of goods and chattels whereon to make distress, the collector may take the body of any person neglecting or refusing to pay the tax assessed against him, and commit him to the common jail." *Ib.*, *s.* 8.   In the collection of highway taxes, assessed on residents and on real estate taxed as resident, surveyors of highways shall have all the powers of and be subject to the same liabilities as collectors of taxes. *Ib.*, *c.* 72, *s.* 6.   The effect of these provisions consequently is to confer upon highway surveyors the power of arrest for non-payment of taxes in default of goods and chattels to distrain ; and so far the case is free from difficulty.

But there are other provisions bearing upon the subject; and it is a familiar principle in the construction of statutes that all statutes upon the same subject-matter are to be considered in interpreting any one of them, and that such a construction is to be given to the different parts of each and to the whole, consistent with the words, as will promote the object and policy contemplated thereby.   In accordance with this principle, the subsequent sections 7 and 9 of *c.* 72 must be considered.   The former provides for notice of the tax to each person named in the surveyor's list, and of the time and place, and the tools with which he shall attend to work ; and the latter reads as follows: " If any person so notified does not attend in person, or by one or more suitable laborers, the surveyor shall levy his tax by distress or sale as collectors may levy the state tax, unless within four days after the time so appointed he renders to the surveyor a sufficient excuse for his neg-

lect; in which case he shall be notified to work at some future time." By this section it is imperatively made the duty of the surveyor to collect the delinquent's tax by distress; and distress legally applies and is limited to personal chattels only. 3 Bl. Com. 6; 1 Bouv. Law Dict. 432. This is repeatedly recognized in our statutes. For example: " No distress shall be made of any person's tools or implements necessary for his trade or occupation, nor of his arms, or utensils of household necessary for upholding life, nor of bedding or apparel necessary for him or his family." G. L., c. 58, s. 5:—and see *ib.*, c. 103, s. 7, and c. 58, ss. 8 and 10.

Such being the import of distress, both as a statutory process and a common-law remedy, there is no tenable ground for holding that the legislature intended it to include an arrest of the body in the section under consideration; and the effect therefore is, that s. 9 has the force of an exception, and restrains and limits the general authority to arrest conferred by s. 6 accordingly. Specific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law which might otherwise be broad enough to include it (*Felt* v. *Felt*, 19 Wis. *193, *196), and general words in one clause of a statute may be restrained by the particular words in a subsequent clause of the same statute. *Covington* v. *McNickle*, 18 B. Mon. 262; *Stockett* v. *Bird*, 18 Md. 484; Dw. St. 658; Sedg. Stat. Law 48.

This construction makes both sections effective, and consistent with each other, and it is also in harmony with and supported by s. 2, c. 88, Laws of 1881, which provides that if any highway taxes remain unpaid or unworked on the surveyor's lists at the expiration of his term of office, the selectmen shall commit the same to the collector of taxes then in office, who shall collect the same in money, and have all the powers to collect the same he has to collect other taxes; for if the legislature had supposed that highway surveyors were invested with authority to take the bodies of delinquents, it is hardly probable that they would have deemed it to be either expedient or necessary to relieve them from the discharge of that duty and impose it upon collectors.

*Petition granted.*

SMITH, J., did not sit: the others concurred.