--------o--------

## No. 6338.

## DR. WADDY THOMPSON vs. ISAAC LEVY.

### Syllabus.

An agent must follow the instructions of his principal, or be liable for such damages, resulting from their violation, as were reasonably contemplated.

The judgment in favor of the plaintiff is reduced from $237.20 to $232.20, and the judgment dismissing the reconventional demand is reversed, and judgment is now rendered in favor of defendant and against the plaintiff for $38.50.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 102,694. Honorable E. K. Skinner, Judge.

Roger Meunier, for plaintiff and appellee.

S. Wolff, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff alleges that defendant is engaged in the business of moving, packing and crating furniture; that he made a verbal contract with him to pack and crate his furniture, and to move same from his office and from his residence in this city, and to store it, and to ship to his country home at Arcola, Louisiana, for which the said

— 261 —

Levy was to receive for his services alone $68.50, exclusive of freight.

That petitioner ascertained from the railroad company that it was necessary to charter a box car for that purpose at a cost of $30; that petitioner so informed the defendant and gave him his check to prepay the freight together with a memorandum of the freight charges and point of destination.

That the defendant took possession of his furniture, but instead of shipping it to Arcola, Louisiana, shipped it to Arcola, Mississippi.

That by reason of said error of defendant he has had to pay $169.20 freight charges for the transportation of the furniture from New Orleans to Arcola, Mississippi, and thence to Arcola, Louisiana.

That in addition thereto the defendant failed to properly pack and crate and load the furniture in the box car, by reason whereof and as a consequence of the ordinary shaking and jolting of the car, the furniture was scratched, broken and otherwise injured to the amount of $161.00.

Plaintiff claims a judgment for $330.20.

The defendant filed a general denial and averred:

That he was employed by the plaintiff to move a load of furniture to his warehouse for $15, and to store the same in his warehouse for about 30 days for the price of $15.00; that at the expiration of thirty days he was employed to haul the furniture and pack the same in a car which had been chartered by the plaintiff, and that the cost of packing and the labor employed was $35.00; that he also moved plaintiff's furniture from his office at a cost of $3.50 and shipped a load of bedding and prepaid freight thereon, $4, making a total of $72.50 on account of which plaintiff

paid him $30, leaving a balance due him of $42.50, for which he claims judgment in reconvention.

The District Judge allowed the plaintiff $68 which he paid for the repairs to the furniture (which should have been $63), and $169.20 for freight, making a total of $237.20. He gave the defendant judgment for $30 for hauling and storing which he held to be compensated by the $30 which he had received for payment of the freight, and rejected his demand for packing and crating and the other claims of $3.50 and $4.00.

Defendant has appealed. Plaintiff has joined in the appeal and prayed that the judgment be increased to $330.20.

Plaintiff must prove: 1st, that he instructed defendant to ship to Arcola, Louisiana, and 2nd, that defendant agreed to pack and crate the furniture and load it on the cars.

The plaintiff testifies that he met defendant on the street and told him the freight to Arcola, La., was $30; that defendant made a memorandum of it; he subsequently went to the office of the railroad company and had a clerk there make a memorandum on a slip of paper to this effect: "car-load of household goods, Arcola, La., $30.00," and he went to defendant's store and gave the memorandum to his clerk, who wrote it down in a book, and the next day he left at defendant's store a check for $30.00 to prepay the freight to Arcola, La.

Defendant's testimony does not correspond with the allegations of his answer. He says $15 was for moving from residence to warehouse, and "the storing and packing in the car was to be $35" and $15 was the amount for hauling from the warehouse to the car. He swears that plaintiff instructed him to ship the furniture to Arcola,

Miss.; in this he is corroborated by three witnesses, Philip T. Moran, his clerk, who received the order and entered it, Eddy Booth and Gustave Laschaux, his drivers. But their testimony is so conflicting and contradictory that it cannot be the basis of a judgment; Levy, the defendant, says he saw that the furniture was properly packed in the car; Booth says he was not there. They all say that the plaintiff ordered the car, but M. 'C. Drews, the railroad clerk, swears that the car was ordered from the Isaac Levy Furniture Co., and that Dr. Thompson had nothing to do with the car. Plaintiff is corroborated in his testimony by a letter written to him by Moran, enclosing the bill of lading, in which he says:

"The railroad company forwarded the car without my prepaying the freight which was an error or oversight, however, the car will reach destination and you can pay at the other end and I am giving you credit on your account for $30.00, which I trust will be O K. to you," etc.

We, therefore, come to the conclusion that plaintiff did instruct the defendant to ship his furniture to Arcola, La., and that defendant is liable in damages for failure to follow his instructions.

**26 A., 751; 11 R., 81; 4 La., 28; 1 N. S., 367; 10 A., 685; 31 Cyc., 1451.**

Plaintiff swears that defendant had agreed to pack his furniture and load it on the car. Defendant does not deny this. His charge of $35 as part of his contract for doing this work, is an admission that it was his duty to do it. His testimony that he followed the furniture up to the cars to see that it was done, is a further admission of his duty. But his employee, Booth, says he was not there.

It is true Laschaux says that the furniture was packed and properly loaded and braced. But Tucker and Julius Rive swear that the furniture was neither packed, wrapped, crated, boxed, braced, covered, nor protected in any way, and that it was huddled up in one corner of the car, the worse for the shaking and bumping it had received.

Their testimony is corroborated by the damaged condition of the furniture. The testimony of Laschaux is an opinion; the damage to the furniture is a fact.

**27 A., 718, 719.**

The testimony as to the amount of damage done to the furniture is not very clear. Plaintiff paid $63 for repairs; we do not think the testimony justifies the allowance of a larger sum.

The contract set up by the defendant was for $15 for hauling the furniture, $15 for the storage, and $35 for the packing. He has received $30, which satisfies his claim for hauling and for storage. Although the packing and loading were badly done, he is entitled to recover the contract price for the same inasmuch as he has been made to pay damages for his want of skill in the performance of his contract. Plaintiff has been indemnified by the allowance of these damages, and he must pay these $35. as he would have been bound to do had the furniture reached him in sound condition. Defendant is also entitled to $3.50 for hauling the office furniture to the railroad. He has not established his claim for $4 which plaintiff denies.

The judgment of the District Court in favor of plaintiff is therefore reduced from $237.20 to $232.20; and the judgment against the defendant dismissing his reconventional demand is reversed, and it is now ordered that de-

fendant recover of plaintiff $38.50 with five per cent interest from October 21st, 1913, till paid.

It is further ordered that the defendant pay all costs of the District Court, and that plaintiff pay the cost of appeal.

Opinion and decree, March 15th, 1915.