The defendant justified the taking on the following ground, viz., that the commissioners of the town of Fayetteville, under and by virtue of an *Page 426 
act of the General Assembly, "for the better regulation of the town of Fayetteville, chapter 39, Laws 1787," passed the following ordinance, viz.:
"Whereas the several ordinances heretofore passed by the board of commissioners, and in force, against hogs running at large in the streets of the town, having been found ineffectual, it is again ordered that from and after the 15th day of June the town constable be, and he hereby is, authorized and required to take up and sell all hogs found running at large in any of the streets in town. One-half the proceeds of such sale to be returned and accounted for by him to the town treasurer, the other half to apply to his own use."
The defendant was constable of the town, duly appointed by the commissioners of said town, and in that capacity took the hogs, etc.
By section 5 of the act of Assembly, for the better regulation of the town of Fayetteville, the commissioners are vested with full power to make "any rules and orders which may tend to the advantage, improvement, and good government of the said town," with (592) a proviso that such regulations should not be inconsistent with the laws of the land; and by the last section of the same act it is provided that in all cases where any person shall be dissatisfied with the judgment of the said commissioners, he shall have the liberty of appealing to the county court of Cumberland. The questions then necessarily arising are, whether the ordinance in question was contrary to the laws of the land, or, was the party to be affected thereby prevented from the benefit of appeal guaranteed by the charter of the commissioners?
The laws of the land, or, in other words, those laws which do operate over the whole country without being directed to any place or particular individual, allow to every person the opportunity of defending his property before it is condemned, and in no case leave it to the mercy of a mere ministerial officer to seize it at will, which seizure is to be lawful or not, according to his own will and pleasure. The ordinance, therefore, on that account, was unauthorized and consequently void. And as to the other question, that seems equally clear. By the mode of proceeding directed by the ordinance, the owner of the property seized had no opportunity allowed him of appealing to the county court of Cumberland, and on that account, also, the ordinance was void.
As to the argument that hogs in a town are a nuisance, and that it was justifiable in the defendant to abate it, the authorities to prove hogs a *Page 427 
nuisance all speak of them in a stye or pen, which necessarily produces a stench and, consequently, an inconvenience to the neighboring people.
The plaintiff, therefore, has unlawfully been deprived of his property, and has a right to judgment for the injury sustained.