MARY G. BADHAM, Adm'x., &c., *v.* JOHN M. JONES, and others.

Section 10 of the Ordinance of June 23d 1866, ("To change the jurisdiction, &c.) modified the provisions of the Rev. Code, c. 45 s. 29, directing Clerks to issue executions within six weeks ; so that a Clerk who after Spring Term 1867, failed to comply with the above statute, was not responsible therefor.

A minute upon the docket, "Issue execution," is not to be taken as a mandate of the Court, although it may be such a *memorandum* as the Clerk may extend into an order, or, as may enable the Court afterwards to have such order entered *nunc pro tunc.*

CIVIL ACTION upon a Clerk's bond, tried before *Pool, J.,* at Spring Term 1870 of CHOWAN Court.

The facts on which it was sought to recover upon the bond of the defendant Jones, as Clerk of Chowan Superior Court, were, that at Spring Term 1867 of that Court, the plaintiff had obtained a judgment for money against one Leary ; that the Clerk had *failed to issue an execution therefor* for two terms afterwards ; and, that in the meantime Leary had become insolvent. It appeared that after the entry of judgment upon the docket were the words "Issue execution ;" also, that the plaintiff had never demanded that execution should issue.

Under the instructions of his Honor there was a verdict and judgment for the plaintiff.

The defendants appealed.

*Phillips & Merrimon,* for the appellants.
*Bragg, contra.*

READE, J. By the provisions of the Revised Code, chap. 45, sec. 29, it was the duty of Clerks of Courts to issue executions, unless otherwise directed by the plaintiff, within six weeks from the rendition of the judgment. Under that-

17

statute the Clerk would have been liable for not issuing executions in this case. But the ordinance of June 23d 1866, entitled "An ordinance to change the jurisdiction of the Courts," &c., forbids any *fi. fa.* or *ven. ex.* to issue from Spring Term 1867, without permission from the Court. This clearly repeals the statute, which made it the duty of the Clerk to issue it within six weeks of his own motion ; and further, section 23 of the ordinance expressly repeals all laws in conflict therewith, and section 21 imposes a penalty of $500 on the Clerk for a violation.

The case then stands thus: Is a Clerk liable to an action on his bond for not issuing a *fi. fa.* of his own motion, without application by the plaintiff, or a statute enjoining it ? We do not think that he is.

It is the business of the Clerk to make and keep the records, and to issue such process as the Court directs, or the law enjoins. The statute requiring him to issue execution of his own motion being repealed, and he not having been applied to by the plaintiff, the remaining enquiry is : Was he ordered by the Court to issue it. It is insisted that the entry on the docket, "Issue execution," was a mandate from the Court to the Clerk. We do not think so. There may have been an order by the Court, and this entry may have been the note or memorandum of it. If there was such order, this note was sufficient for the Clerk to draw out the order in form, and it was his duty to do so ; and if it had been made to appear to the Court at any subsequent term, that the order was made and not recorded, the Court might have ordered the Clerk to make the record speak the truth. But the note itself is of no force. It was a mere reminder to the Clerk of something, but of what we cannot know. The plaintiff insists that it was a mandate to the Clerk ; the defendant insists that it was a permission to the plaintiff, and no proof was offered to explain it, or whether there was any

action of the Court at all; and there was no motion, as there might have been, to the Court below to make the record speak the truth. It would seem probable that it was a permission to the plaintiff, as the ordinance, *supra,* forbids execution to issue from that term—Spring Term 1867, without permission of the Court; or it may have been a memorandum by the attorney, without the action of the Court. Probably it ought to be assumed that it was not the action of the Court, as, if it was, it was the duty of the Clerk to put it in form. At any rate, we cannot see that it was a mandate to the Clerk for disobedience of which he is liable upon his bond.

The defendant was entitled to the instruction for which he asked, that the plaintiff was not entitled to recover.

PER CURIAM.                          *Venire de novo.*