The action was brought upon the official bond of the defendant Merritt, as Clerk and Master for Chatham County. The plaintiff alleged in his complaint that at Spring Term, 1866, of the Court (559) of Equity for Chatham County, he obtained a decree against one G. B. Guthrie for $417, with interest from September, 1862. That defendant was then, and continued to be till the office was abolished, Clerk and Master in and for said county, and the other defendants are the sureties on his bond. That the defendant was requested to issue an execution against the said Guthrie for the enforcement of said decree, which he neglected to do until the 14th July, 1868, when said decree was dormant. That the said Guthrie, from the rendition and enrolling of said decree to the summer of 1868, was seized and possessed of a large amount of real and personal estate out of which the whole amount of money due the relator could have been realized had the defendant issued an execution. That in the summer of 1868, Guthrie was adjudged a bankrupt upon his own petition, and that relator has never realized anything from said estate, nor can he ever do so, as the estate was wholly insolvent. Whereupon the relator demands judgment, etc.
The defendants demurred to the complaint, and assigned as a cause therefor that it "does not state facts constituting a cause of action against them warranting the prayer for judgment therein contained."
His Honor overruled the demurrer, and gave judgment against the defendants for the penalty of the bond, to be discharged upon the payment of $604, with interest thereon, until paid. The defendants appealed.
The decree mentioned in this case, was obtained by the plaintiff, at Spring Term, 1866, of the Court of Equity for Chatham County; and it was the duty of the present defendant, as Clerk and Master of said Court, to have issued an execution as provided by law. Rec. Code. ch. 45, sec. 29; ch. 32, sec. 4; ch. 20, sec. 2. (560) *Page 434 
As the defendant failed in the performance of this official duty, he became liable for any injury thereby sustained by the plaintiff.
The defendant is not relieved by the ordinance of the 23rd of June, 1866, as his liability accrued before the passage of said ordinance. Badhamv. Jones, 64 N.C. 655.
There is no error in the ruling of his Honor, and the judgment is affirmed.
Per curiam.
Judgment affirmed.
Cited: Bank v. Bobbitt, 111 N.C. 194.