GEORGE WILLIAMSON v. JOHN H. KERR.

*Amercement of Clerk of Superior Court.*

A clerk is liable to the penalty of $100 for failure to issue execution on a judgment (rendered upon a debt contracted since May, 1865) within six weeks of its rendition. The convention ordinance of 1866 does not repeal the act of 1850, which provides the remedies for the recovery of such debts, Bat. Rev., ch. 44, ¿ 28. Whether it is repealed as to debts contracted prior to May, 1865—*Quære.*

(*Badham* v. *Jones,* 64 N. C., 655, cited and distinguished).

MOTION to amerce the clerk, heard at Fall Term, 1882, of CASWELL Superior Court, before *Shipp, J.*

At fall term, 1881, the plaintiff obtained judgment *nisi* against the defendant for the penalty of one hundred dollars, for not issuing execution on a judgment theretofore obtained by him in the superior court, in pursuance of the requirements of the act of 1850. Bat. Rev., ch. 44, § 28.

WILLIAMSON *v.* KERR.

The following are the facts found by His Honor: At fall term, 1880, the plaintiff, with John L. Williamson, obtained judgment, upon a debt contracted since May, 1865, against J. N. and G. O. Williamson; that the defendant clerk issued no execution upon the judgment to spring term, 1881; that execution was issued from spring term, 1881, to fall term, 1881; and that said execution was satisfied by money paid to the sheriff, and by him to the present plaintiff, one week before said fall term.

A notice to show cause, why the judgment *nisi* should not be made absolute, was served upon the defendant, and at fall term, 1882, His Honor gave judgment absolute, and the defendant appealed.

*Mr. John W. Graham,* for plaintiff.
No counsel for defendant.

ASHE, J. We are of the opinion the defendant, as clerk, is liable to the penalty. Upon what ground we are called upon by the appeal to review the action of the superior court in the premises, is left to surmise. It may be that the defendant supposes that the act of 1850, which requires clerks of the superior courts to issue executions upon all judgments rendered in their respective courts, within six weeks of the rendition of the judgment, was repealed by the 23d section of the convention ordinance of June 23d, 1866, which declares all laws in conflict with its provisions, repealed; and that section 10 of the ordinance, which forbade clerks from issuing executions from spring term, 1867, without permission of court, being in conflict with the act of 1850, repealed the latter act. But section 17 of the ordinance expressly excepted from its provisions "any debts or demands contracted, or penalties incurred, since the first day of May, 1865, or which may be hereafter contracted or incurred, but that the remedies for the recovery of the same shall be in all respects similar to the remedies, for the recovery of debts, which were in

force in the year 1860." And an amercement is a debt. 3 Blk. Com., 161.

But the judgment, upon which the defendant is alleged to have failed to issue execution in the limited time, was founded upon a contract entered into subsequent to the first of May, 1865; and therefore the ordinance and its provisions left it, with its incidents and remedies, untouched.

The act of 1850, then, was not repealed, so far as related to the issuing of execution upon this judgment, and the defendant is liable to the penalty of one hundred dollars, as he would have been in 1860.

It may, however, be supposed that as the ordinance of June, 1866, is repealed by section 7 of the act of February 12th, 1867 (ch. 17), that may affect the question of the defendant's liability to the penalty; but it only repeals so much of the ordinance as comes in conflict with its provisions, together with all other laws coming in conflict with the same; and the act, by its very terms and provisions, has application only to debts contracted prior to the first day of May, 1865. Lest there might be some doubt arising in the construction of the act, the legislature, at the same session, on the first of March, passed another act (ch. 18) explanatory of the first, declaring that none of the provisions of the first act shall be so construed as to apply to any debt or cause of action incurred since the first day of May, 1865, but the jurisdiction of the several courts of the state, in all actions of debt, covenant, assumpsit, or account, upon any contract, demand, or penalty incurred since the first day of May, 1865, or which may hereafter be contracted or incurred, and the remedies thereon, shall be in all respects the same as they were in the year 1860.

Whether the act of 1850 is repealed as to debts contracted prior to the first day of May, 1865, we are not called upon to decide, but we are of the opinion that it is still in force with respect to debts contracted since that date.

The decision in *Badham* v. *Jones,* 64 N. C., 655, which is the only case decided by this court in relation to the construction of

the ordinance of 1866, has no application to this case. That was an old debt, and the motion was to amerce the clerk for not issuing execution upon a judgment from spring term, 1867, when he was expressly enjoined from so doing, without permission of the court, by the 10th section of the ordinance.

There is no error. The judgment of the superior court is affirmed.

No error. Affirmed.