THE BANK OF OXFORD v. WILLIAM A. BOBBITT et al.

*Clerks—Execution—Salaries and Fees—Penalty—Statutes, Construction of.*

Clerks of the Superior Court will not incur the penalty prescribed in § 470 of *The Code* for failure to issue execution within sixty days, unless the plaintiff pays or tenders him his fees for that service. (*Williamson* v. *Kerr*, 88 N. C., 10, distinguished.)

Motion for judgment, heard February Term, 1892, of Granville Superior Court, *Winston, J.,* presiding.

His Honor refused the motion, and plaintiff appealed. The case is stated in the opinion.

*Mr. L. C. Edwards,* for plaintiff.
*Mr. J. W. Graham,* for defendants.

MacRae, J.: This is a motion for judgment absolute on amercement of the defendant, the Clerk of Granville Superior Court, for neglect to issue execution upon a judgment of said Court within six weeks from the rendition thereof, according to the provisions of § 470 of *The Code.*

The presiding Judge found as a fact that no money was ever paid or tendered to the defendant as fees for issuing said execution.

This statute is highly penal and must be construed strictly (*Bank* v. *Stafford,* 2 Jones, 98); it was passed in 1850, and brought forward into *The Code* when it was enacted. Standing alone, there could be no doubt of its plain meaning; but it is our duty to consider all other statutes *in pari materia,* in arriving at our conclusions as to the meaning of this one.

Section 555 of The Code of Civil Procedure as adopted in August, 1868 (it being the first section of chapter 1 of title XXI, on Fees), provides " that the several officers, hereinafter

named, shall receive the fees hereinafter prescribed for them respectively, from the persons for whom, or at whose instance the service shall be performed, except persons suing as paupers, and no officer shall be compelled to perform any service unless his fees be paid or tendered." Upon examination of the chapter following in the same title prescribing the fees to which the Clerk of the Superior Court shall be entitled, we find no fee for issuing execution. So that, as the law stood under the statutes above quoted, there would be no valid ground for relief from the penalty prescribed in the Act of 1850 for neglect to issue execution as therein directed.

The Act of 1868–'69, ch. 279, amends materially title XXI of The Code of Civil Procedure, but re-enacts section 555. The Act of 1870–'71, ch. 139, sec. 11, prescribes the fees for Clerks of the Superior Court, and provides a fee for execution, which can mean nothing but for the issuing of execution. It repeals chapter 1 and others of title XXI of Code of Civil Procedure, which includes section 555. It also repeals part of chapter 279 of the Acts of 1868–'69, but does not repeal that section of chapter 279 of the last-named Acts which re-enacted section 555. *Andrews* v. *Whisnant,* 83 N. C., 446.

So, from 1870, we have had the two statutes upon our books, the one requiring the Clerk to issue the execution unless otherwise directed; the other providing for his fees for issuing execution and providing further that he shall not be compelled to perform any service unless his fees be paid or tendered. The two sections of *The Code* must be construed together. We must advert to their history to reach the spirit and meaning of them. The object of the Act of 1850 was to secure as part of the fruits of the judgment a lien upon the property of the defendant. The Clerk was directed not only to issue execution but to endorse upon the record the date of such issuing, that the *teste* of the

execution might be preserved to which the lien of the levy on land might relate; and the Clerk was directed to issue *alias*, if necessary. Under our present system of docketing judgments, the lien is otherwise attached and preserved. The necessity for the issue of the execution, unless directed so to do, has ceased. The effect is simply to increase the size of the bill of costs against the day of satisfaction. The practice, as a matter of fact, has fallen into disuse, and this shows the view of the profession generally upon the question. ⸍ It seems that this section, 555 of The Code of Civil Procedure, and of the Act of 1870–'71, was not brought forward in Battle's Revisal, but it was none the less the law. *State v. Cunningham*, 72 N. C., 469.

The case of *Williamson* v. *Kerr*, 88 N. C., 10, is relied upon by the plaintiff as plain authority in favor of his motion. It will be observed that no counsel appeared for the defendant, and no reason was suggested to the Court why the judgment should not be absolute. It was left to the Court to search the statutes to ascertain the ground relied upon by defendant. In Battle's Revisal, ch. 44, sec. 28, was found the Act of 1850 requiring the Clerk to issue execution. Section 555 of The Code of Civil Procedure had not been brought forward, and the Court was misled in not adverting to it.

This section, however, was brought forward and re-enacted in *The Code* of 1883 as section 3758 of chapter 57—on Salaries and Fees—and in the same chapter, section 3739, among the fees prescribed for Clerks of the Superior Courts, there is one for execution and return thereof; so that here was the fee prescribed for issuing execution and the proviso that the officer could not be compelled to perform the service unless his fees were paid or tendered. Section 470 of *The Code*, the Act of 1850, still stands upon the statute book; but it is "sticking to the letter" to say that, notwithstanding the reason has failed and the later statute has provided that

the Clerk cannot be compelled to perform any service unless his fee be paid or tendered, section 470 must be construed alone, to force the Clerk to do that which, in a majority of cases, is now unnecessary, and the result of which is only to oppress the debtor by heaping up costs against him.

The other cases relied on by the plaintiff, *Badham* v. *Jones*, 64 N. C , 655, and *McIntyre* v. *Merritt*, 65 N. C., 558, were where judgments had been rendered before the passage of section 3758, and therefore were not authority for our present purpose. Section 551 of *The Code* expressly requires the Clerk, on receiving a copy of the case settled, to make copy and transmit the same to the Clerk of the Supreme Court. The case of *Andrews* v. *Whisnant, supra,* holds that he is protected from failure to do so, unless his fees are paid or tendered.

We conclude that the requirement of section 470 of *The Code* is qualified by section 3758, and, construing them together, that the law now is that the Clerks of the Superior Court shall issue execution within six weeks after the rendition of judgment, unless otherwise directed by the plaintiff, provided the plaintiff pays or tenders him his fees for the service, and that there is no error in the judgment below.

Affirmed.