### STATE v. W. K. BEACHAM.

(Decided November 28, 1899.)

*Town Ordinance—Municipal Authority.*

1. Municipal powers are given by statute, and must be limited to the
    provisions made by the law-making power, with such restric-
    tions as the State may deem proper to impose.

2. Where by private acts relating to the town of Laurinburg—1889,
    chap. 220, and 1891, chap. 192—a Board of Health is instituted
    in whom is vested the authority to make regulations and
    ordinances for the preservation of health to be enforced by
    the Town Commissioners, the Commissioners must enforce
    those ordinances, and are without authority to enact similar
    ordinances of their own.

PROSECUTION instituted by warrant from the mayor of
Laurinburg, against defendant, for violation of town ordi-
nance, in unlawfully keeping a hog inside the corporate lim-
its, tried, on appeal, before *Timberlake, J.,* at September
Term, 1899, of RICHMOND Superior Court.    The defendant

contended that the Commissioners were without authority to enact the ordinance; that by the private acts, read in evidence, relating to Laurinburg—Acts 1889, chap. 220, and 1891, chap. 192—a Board of Health was created with authority to make ordinances relating to the public health; and an ordinance relating to keeping hogs in town, enacted by them, was read in evidence, and the defendant asked his Honor to instruct the jury that the ordinance of the Commissioners was void. This his Honor declined to do, but instructed the jury that it was valid.

Verdict of guilty. Judgment. Appeal by defendant.

*Messrs. J. D. Shaw & Son,* for appellant.
*Attorney-General,* for State.

FAIRCLOTH, C. J.    The validity of the following ordinance is the question in this case: "It shall be unlawful for any person to keep hogs in the town of Laurinburg, N. C.    Any person violating this ordinance shall be fined $5    for each offense, and each day said ordinance shall be violated shall constitute a separate offense." Chap. 8, sec. 75a. This ordinance was adopted on July 3, 1899, by the Board of Commissioners of said town.    It was shown by the State that the town was incorporated in 1877, with corporate powers, under chap. 111 of Battle's Revisal, now Code, chap. 62. The State claims that the Board of Commissioners had full authority to adopt the ordinance and to enforce it under sec. 3802 of The Code, which allows the Board to abate nuisances and to legislate for the health of the citizens.    It was insisted by the defendant that the ordinance was unreasonable, and should be so declared, by reason of the broad and extended limits of the town and the small population, occupying a small portion of the corporate territory, near the central part thereof.

We find it unnecessary to discuss those questions. There can be no doubt, generally, of the authority of the town, through its agencies, to provide for the health of its citizens, and to regulate and to abate nuisances, and such authority is liberally construed by the courts for the benefit of the citizens. Municipal powers are given by statute, and must be limited to the provisions made by the law-making power, with such restrictions as the State may deem it proper to impose.

The defense is a denial of the authority of the Board of Commissioners to enact ordinances regulating the means of preserving the health of the town of Laurinburg, because that power is vested in another body.

Private Acts 1889, chap. 220, requires the Commissioners to appoint a Board of Health for the town, and requires the Board of Health "to prepare rules and regulations to be kept and observed by all citizens of said town," and any person violating the same shall be guilty of a misdemeanor. Private Acts 1891, chap. 192, amends sec. 7 of said act by providing that, when the regulations of the Board of Health shall have been duly published, "the same shall become ordinances of said town," and that any person violating the same "shall be punished by fine in such amount as the Town Commissioners may prescribe," and that all laws in conflict therewith are repealed.

The said Board of Health was duly appointed and organized, and on the 13th of March, 1893, passed this ordinance: "It shall be unlawful for any person to keep hogs in the town of Laurinburg, within 400 feet of any well or dwelling house, street, place of business, school or church," and that any violation thereof shall be fined $5, etc. The defendant was not charged under this ordinance, but under the ordinance, chap 8, sec. 75a, *supra.* It will be seen that the authority to make regulations and ordinances for the town

is vested in the Board of Health, and the duty of enforcing the same is imposed on the Board of Commissioners. Therefore, the charge of his Honor, that said ordinance, chap. 8, sec. 75a, was valid, and that if the jury believed the evidence the defendant was guilty, was erroneous. The ordinance was simply void for want of authority in the Board of Commissioners.

Error.