## L. E. RANKIN v. GASTON COUNTY.

### (Filed 30 May, 1917.)

**Roads and Highways—General Statutes—Local Laws—Prospective Acts—Bonds—Constitutional Law.**

> Chapter 284, Laws 1917, requiring that the proposition for issuing bonds for public roads should first be approved at an election by a majority vote, is prospective in its effect, and by section 62 does not purport to repeal or modify local laws "enacted for the purpose of constructing, altering, or improving the public roads of a county." As to the time of the effectiveness of the constitutional amendments of 1916, see *Reade v. Durham, ante,* 668.

CIVIL ACTION, tried before *Cline, J.,* at Spring Term, 1917, of GASTON. Plaintiff appealed.

*Carpenter & Carpenter for plaintiff.*
*Mangum & Woltz for defendant.*

WALKER, J. This action was brought to enjoin the defendant, through its board of commissioners, from issuing bonds to the amount of $100,-000 for the building of necessary bridges in the county and funding and liquidating indebtedness contracted for that purpose. The court refused the injunction, and plaintiff appealed.

The same question is raised in this case, as to the time when the recent constitutional amendments took effect, as was presented in *Reade v. City of Durham, ante,* 668. We there decided that they were not of force until 10 January, 1917, and the act of the Legislature authorizing the bond issue in this case was passed 9 January, 1917. This case, in the respect mentioned, is governed by that decision.

It is contended that if the bond act is otherwise valid, the act of 1917, chapter 284, to provide for the issuing of bonds for the improvement of the public roads of the State requires that the issue of these bonds should first be approved at an election by a majority vote; but chapter 284 was evidently intended to be prospective in its operation, and does not purport to repeal or modify local acts. Section 62 of the act provides: "This act shall not be construed so as to repeal any private or local law enacted for the purpose of construction, altering, or improving the public roads of any county." The general rule is thus stated in Black on Interpretation of Laws, p. 117: "A local statute enacted for a particular municipality for reasons satisfactory to the Legislature is intended to be exceptional and for the benefit of such municipality. It has been said that it is against reason to suppose that the Legislature, in framing a general system for the State, intended to repeal a special act which local circumstances made necessary." It was said in *Branham v. Durham,* 171 N. C., 196, adopting the quotation from Black on Interpretation of Laws, *supra:* "It is established that where a general and a special statute are passed on the same subject, and the two are necessarily inconsistent, it is the special statute that will prevail, this last being regarded usually as in the nature of an exception to the former, *Cecil v. High Point,* 165 N. C., pp. 431-435; *Comrs. v. Aldermen,* 158 N. C., pp. 197-198; *Bahnke v. The People,* 168 Ill., 102; *Stockett v. Bird,* 18 Md., 484, a position that obtains though the special law precedes the general, unless the provisions of the general statute necessarily exclude such a construction. *Rodgers v. U. S.,* 185 U. S., 83; Black on Interpretation of Laws, p. 117."

This answers the points raised in defendant's brief.

There was no error in the ruling of the court.

Affirmed.