## STATE v. HALLMAN FINK.

(Filed 12 May, 1920.)

**1. Taxation—Automobiles—Motor Vehicles—Municipal Corporations—Void Ordinances—License Tax.**

A license tax imposed upon those running an automobile for hire by a municipal ordinance in excess of that allowed by a valid statute is void and unenforcible.

**2. Taxation — Statutes — Amendments— Interpretation— Automobiles—Motor Vehicles—License Taxes—Municipal Corporations—Ordinances.**

Sec. 6, ch. 140, Laws of 1917, entitled "An act to regulate the use of automobiles," required a license or registration fee rated according to horse power, and puts a limit upon the total registration fee authorized to be charged by a municipal corporation, that it should not be greater than one-half the fee required by the State, was repealed by ch. 189, Laws of 1919, being entitled "An act to provide for the construction and maintenance of a system of highways in the State and to enable the State to secure the benefits of Federal Aid therefor and for other purposes," and by sec. 5, raised the license fees to be paid to the State, graduated also as to horse power, and further, that "motor vehicles used for carriage of passengers for hire shall carry a special 'service' license to be issued by the Secretary of State, for which the license fee shall be twice the amount for like motor vehicles for private use," and that "no county, city or town shall charge any license fee on motor vehicles in excess of one dollar per annum." A city ordinance passed in pursuance with its charter, required a license tax of twenty dollars for running a motor vehicle for hire, and being in excess of the one dollar license fee allowed in the substituted statute, is void.

**3. Taxation— Statutes— Municipal Corporations— Ordinances— License Tax—Criminal Law.**

Since the passage of ch. 189, Laws of 1919 (sec. 5) a city ordinance imposing a license tax of over one dollar a year for those running motor vehicles for hire, is void, though authorized by the city's charter, and where the person so operating them has complied with the statute, he may not be convicted of the offense imposed by the ordinance.

**4. Statutes— Taxation— General Powers— Particular Powers— License Tax—Municipal Corporations—Repeal.**

The particular intent expressed in ch. 189, Laws of 1919 (sec. 5) forbidding counties, cities and towns from imposing a license tax in excess of one dollar a year on those running a motor vehicle for hire, controls a general power prior conferred in a municipal charter, to levy a franchise or license tax thereon.

**5. Taxation—Statutes—License Tax—Restrictions—Automobiles—Ownership—Hire—Municipal Corporations.**

The Laws of 1919, ch. 189, sec. 5, imposes a privilege tax for operating motor vehicles for private use and for carrying passengers for hire, restricting the imposition of a privilege tax in excess of one dollar a year by a municipality upon each class alike.

CRIMINAL ACTION, determined on special verdict before *Shaw, J.,* at January Term, 1920, of CABARRUS.

The charge is for operating an automobile for hire in the city of Concord without the city license, and without having paid the license tax of $20 imposed by the city authorities for the privilege, etc.

The facts relevant to the issue, and the decision of the court thereon, are embodied in the judgment as follows:

"It is admitted that the city of Concord is a municipal corporation chartered and existing under the private State laws of North Carolina, session 1907, chapter 344.

"The city of Concord, at its April meeting, 1919, passed the following ordinance:

"Be it ordained by the board of aldermen of the city of Concord that by authority of the charter of the city of Concord and the laws of North Carolina, the following amounts are hereby assessed, levied, and taxed against and upon each of the occupations or businesses herein named, as a privilege license tax, payable in advance, with the right reserved by the said board to revoke its license any time that the licensee shall be convicted in a police or justice's court of violating any of the ordinances regulating the operation or manner of conducting said business, said amounts to be paid for the privilege of doing business in the city of Concord, from 1 May, 1919, to 1 May, 1920, to wit: Automobile for hire, each, not over 25 cents, except special contract, $20.

"It is admitted that Hallman Fink operated an automobile for hire within the city of Concord to carry passengers in said city at 25 cents each, with additional charges for special contract, without having applied for or obtained a city license as required by said ordinance.

"But he did tender to the city tax collector of the city of Concord the sum of $1, as provided by ch. 189, sec. 5, Public Laws of 1919. It is admitted that Hallman Fink had paid all taxes provided for in sec. 5, ch. 189, Public Laws of 1919, and the said Hallman Fink had displayed upon his said car the numbers of the special service license furnished by the Secretary of State, as provided in said ch. 189, Public Laws of 1919.

"It is admitted that the Private Laws of North Carolina, session 1907, amendment to charter of the city of Concord, sec. 50, subsec. (d) of ch. 344, contains the following:

" 'To regulate, control, tax, and license all franchises, privileges, business, trades, professions, callings, or occupations, which are now or may hereafter be taxed by the laws of the State of North Carolina, by imposing a franchise, license, or privilege tax upon each and every one of the aforementioned subjects in such amount as the aldermen may deem proper, not to exceed one thousand dollars.'

"It is admitted that the form of license issued by the city is in the following words and figures:

" 'Corporation privilege license—city of Concord (not transferable).

" 'Received of John Doe, twenty dollars in full for privilege tax. License is hereby granted to said party above named for the privilege of carrying on the business of auto hire within the corporate limits of the city of Concord, N. C., for the year ending 1 May, 1920.

R. F. MILLS,<br>City Tax Collector.'

"The jury having been duly sworn and examined, find the foregoing facts as a special verdict; and if, upon said facts the court is of the opinion that the defendant is guilty, the jury find the defendant guilty; but, if upon said foregoing statement of facts the court is of the opinion that, as a matter of law, the defendant is not guilty, then we, the jury, find the defendant not guilty."

The judgment of the court was "that the defendant is guilty; that he pay the city license tax of $20, a fine of $5, and the costs."

Defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Maness & Armfield for defendant.*

HOKE, J. In the recent case of *S. v. Prevo,* 178 N. C., 740, it was held that, in order to a conviction, on a charge of this general character, it was necessary to show a violation of a lawful ordinance, and further, that a town or city ordinance in contravention of a valid State statute on the subject is void.

Considering the record in view of these principles, it appears that sec. 6 of Laws 1917, ch. 140, entitled an act to regulate the use of automobiles, a license or registration fee is established for the use of motor vehicles, rated according to specified horse-power, and containing the proviso that "no county, city, or town may require a total registration fee in an amount greater than one-half the fee required by the State."

This regulation is repealed in ch. 189, Laws 1919, and sec. 5 of the later act provides, in part, as follows: "That section six of chapter one hundred and forty of the Public Laws of one thousand nine hundred and seventeen be stricken out, and the following inserted in lieu thereof: 'That a license or registration fee shall be charged and collected annually on motor vehicles registered under the provisions of this act, on each motor vehicle, except motor trucks, motor vehicles for the carriage

of passengers for hire, and motorcycles, as follows: On each motor vehicle having a rating of twenty-six horsepower or less, a registration license fee of ten dollars; on each motor vehicle having a rating of more than twenty-six horsepower, but not more than thirty horsepower, a registration or license fee of fifteen dollars; on each motor vehicle having a rating of more than thirty horsepower a registration or license fee of twenty dollars; that each motor vehicle used for the carriage of passengers for hire shall carry a special "service" license to be furnished by the Secretary of State, for which the license fee shall be twice the amount fixed for like motor vehicles for private use.' "

After making definite regulations for a tax on motorcycles and motor trucks the section contains the proviso: "That no county, city, or town shall charge any license fee on motor vehicles in excess of one dollar per annum." It will thus be noted that, in the substituted section, the tax is rated according to power, and further, motor vehicles are in part classified into those operated for private use and those for the carriage of passengers for hire, the latter being charged twice the amount of the former, and to have issued them a service license "by the Secretary of State," and with the proviso, as stated, "that no county, city, or town shall charge any license fee greater than one dollar." This later section, containing the rule which now prevails on the subject, is taken from ch. 189, Laws 1919, entitled, "An act to provide for the construction and maintenance of a system of highways in the State, and to enable the State to secure the benefits of Federal aid therefor, and for other purposes." The object of the law as indicated being to create a State Highway fund by placing on the operating of motor vehicles a tax as large as it would reasonably bear; thus affording to the State a substantial sum for the extensive highway improvements contemplated by the act, and to meet and secure the aid of the Federal Government proffered on condition that a sufficient response be made by the State authorities. And it is the evident meaning and purpose of the statute that the great bulk of the tax to be raised from this source shall go to the "State Highway fund," the local tax of $1, which may be imposed by counties, cities, and towns, being allowed, no doubt, to meet the expense and to secure the benefits of local supervision, as to the personnel and methods of local operators, and probably also to establish something like uniformity of local rates, to be imposed upon this important and growing business.

It is insisted for the State that the license fee, provided for in the public law, is one of ownership merely, and in no way affects the provision in the charter of the city of Concord, Private Laws 1907, ch. 344, empowering its authorities to "regulate, control, tax, and license all franchises, privileges, business, trades, professions, callings, occupations,

etc., by imposing a franchise license or privilege tax upon each and every of the aforementioned subjects," etc.   But, in our view, the tax imposed in the general law is a license tax for the privilege of operating motor vehicles:

1. For private use.

2. For carrying passengers for hire, and is one and the same kind of tax formerly authorized under the city charter that is a franchise, license, or privilege tax.   It is stated in the ordinance that the tax of $20 is imposed for privilege of operating an automobile for hire, and this being true, the force and effect of the State law, regulating the use and operating of automobiles for hire, is to withdraw motor vehicles for hire from the power to tax this occupation, as conferred generally in the charter, and limits the power for this purpose to a tax of $1, as the later State statute clearly and in express terms provides.   These statutes appertaining to the same subject are to be construed together, *Keith v. Lockhart*, 171 N. C., 451, and, by correct interpretation, the particular intent expressed in the later State statute will control the power conferred generally in the charter and constituting the business of operating motor vehicles for hire an exception, with the tax thereon restricted to one dollar.   *Rankin v. Gaston County*, 173 N. C., 683; *Bramham v. Durham*, 171 N. C., 196; *School Comrs. v. Aldermen*, 158 N. C., 191-198.

In the *School Comrs. case, supra,* the principle is stated as follows: "When a general intent is expressed in a statute, and the act also expresses a particular intent incompatible with the former, the particular intent is to be considered in the nature of an exception," citing 1 Lewis Sutherland as State Construction (2 ed.), sec. 268; *Rodgers v. U. S.,* 185 U. S., 83; *Stockett v. Byrd,* 18 Md., 484; *Dahuke v. Roper,* 168 Ill., 102, and authoritative cases on the subject elsewhere are to the same general effect.   *Barrett v. New York,* 189 Fed., 268; *Buffalo v. Lewis,* 192 N. Y., 193; *Newport v. Merkel Bros.* (Ky.), 161 S. W., 549; *Helena v. Dunlap,* 102 Arkansas, 131.

The city authorities, therefore, being without power to impose a license tax on this business greater than $1, the ordinance by which they undertake to collect a tax of $20, contrary to the provisions of the general law, must be declared void, and the prosecution predicated upon it necessarily fails.   *S. v. Prevo,* 178 N. C., 740, citing *S. v. Webber,* 107 N. C., 962.

There is error, and this will be certified that, on the facts found, a verdict of not guilty be entered, and defendant be discharged.

Reversed.