STATE v. Z. V. JONES.

(Filed 10 March, 1926.)

**Automobiles — Taxation — License Tax — Municipal Corporations—Ordinances.**

An ordinance requiring the owner of an automobile to pay a driver's license tax of five dollars, under a penalty for failure to do so, is void as contrary to the provisions of C. S., 2787 (vol. 3), which limits the license tax to be paid by the owner to a municipality to one dollar.

APPEAL by the State from *Dunn, J.,* at January Term, 1926, of CRAVEN. No error.

On an appeal from the mayor the defendant was prosecuted in the Superior Court for a breach of the following ordinance of the city of New Bern: "That a tax of five dollars be and the same hereby is levied on the owner of each and every automobile, truck or other motor vehicle for driver's license and the same shall be paid to the tax collector on or before 1 November, 1925. Upon payment of such license the tax collector shall issue to the owner of such vehicle a plate which shall be attached to such vehicle. Whoever operates or drives any such vehicle owned by a resident of the city after 1 November, 1925, without such plate attached thereto, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined the sum of $25.00."

The State introduced section 27 of the charter of New Bern: "That the board of aldermen shall have power to make and provide for the execution thereof of such ordinances for the government of the city as it may deem necessary, not inconsistent with the laws of the land. It shall have power by all needful ordinances to secure order, health, quiet and safety within the same and for one mile beyond the city limits, etc."

The jury returned this special verdict: "That said defendant Z. V. Jones owns an automobile and is a resident of the city of New Bern, and that he did operate and drive the said automobile in the streets of said city on 9 November, 1925, without having paid the fee as provided in said ordinance, and without having a license plate issued by the tax collector of said city attached to said automobile, contrary to section 9 of chapter 23 of the ordinances of the city of New Bern; that said Jones on said day was a resident of said city and the owner of said automobile; that said ordinance, viz.: section 9, of chapter 23, of the ordinances of said city was duly and properly adopted by the board of aldermen of said city in July, 1925. If upon these facts the court be of the opinion that the defendant is guilty, the jury so find; otherwise not guilty."

Upon the return of the special verdict the court adjudged the ordinance to be invalid and the defendant to be not guilty. The State excepted and appealed. C. S., 4649.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Guion & Guion and W. D. Henderson for defendant.*

ADAMS, J. The validity or invalidity of the ordinance imposing the tax, the only point to be considered, may be determined by reference to C. S., 2612 and 2612 a; for neither section 27 of the charter of New Bern nor section 2787 (3 C. S.), is inconsistent with these two statutes. The former (section 2612), contains a schedule of license fees on motor vehicles; and the latter (2612 a) provides: "The fees provided for in section 2612, shall be paid to the Secretary of State at the time of issuance of said registration certificates, permits, or licenses. They shall include all costs of registration, issuance of permits, licenses, and certificates, and the furnishing of registration plates, and shall be in lieu of all other State or local taxes (except ad valorem), registration, or license fees, privilege taxes, or other charges: *Provided, however,* a county, city, or town may charge a license or registration fee on motor vehicles in the sum of one dollar ($1) per annum: *Provided further,* that no county, city, or town shall charge or collect an additional fee for the privilege of operating a motor vehicle, either as chauffeur's or driver's license: *Provided,* nothing herein shall prevent the governing authorities of any city from regulating, licensing, controlling of chauffeurs and drivers of any such car or vehicle, and charging a reasonable fee: *Provided further,* that any city or town may charge a license not to exceed fifty dollars ($50) for any motor vehicle used in trans-

porting persons or property for hire in lieu of all other charges, fees, and licenses now charged."

It will be seen, then, that the fees for the registration and licensing of motor vehicles include the cost of registration, permits, licenses, certificates, and plates and exclude all other State and local taxes except an ad valorem tax and a license or registration fee of one dollar, which may be charged by a county, city, or town. But no county, city or town shall charge or collect an additional fee under the guise of a chauffeur's license for the privilege of operating a motor vehicle; although the governing authorities may regulate, license, and control chauffeurs and drivers and charge therefor a reasonable fee.

The ordinance imposes the tax on the owner, not on the driver. Upon payment of such license the tax collector shall give the owner a plate which shall be attached to his vehicle; and any person who, after a designated time, operates a motor vehicle owned by a resident of the city when the plate is not attached shall be guilty of a misdemeanor. The ordinance does not purport to regulate, license, or control chauffeurs and drivers, but it purports to impose a privilege tax of five dollars on the owner of the car, and by the terms of the statute this tax cannot exceed one dollar. It follows that the ordinance is invalid and that the prosecution must fail. *S. v. Prevo,* 178 N. C., 740; *S. v. Fink,* 179 N. C., 712. It is hardly necessary to say that the cases of *Thompson v. Lumberton,* 182 N. C., 260, and *S. v. Denson,* 189 N. C., 173, have reference to ordinances providing for a driver's license and that they may readily be distinguished from the case at bar.

No error.