ED COX v. WALLER D. BROWN, Treasurer of the CITY OF CONCORD.

(Filed 30 October, 1940.)

**1. Municipal Corporations § 5—**

A municipality is an agency created by the State and has no power or authority except that granted by the General Assembly, and is subject to almost unlimited legislative control.

**2. Statutes § 5a—**

Where the language of a statute is clear and unambiguous, resort may not be had to anything extrinsic for the purpose of interpretation.

**3. Municipal Corporations § 42—Municipality may not levy license tax on use of passenger vehicle for hire.**

Public Laws of 1937, chapter 407, section 61, expressly prohibits a municipality from levying a license or privilege tax in excess of $1.00 upon the use of any motor vehicle license by the State, and repeals all laws in conflict therewith, sec. 145, and this statute must be construed with and operates as an exception to, and limitation upon the general power of municipalities to levy license and privilege taxes upon busi-nesses, trades and professions granted by charter and C. S., 2677 (Private Laws of 1907, chapter 344; Private Laws of 1925, chapter 104), and provi-sions of a municipal ordinance imposing a license tax upon the operation of passenger vehicles for hire in addition to the $1.00 theretofore imposed

by it upon motor vehicles generally, is void, nor may the additional municipal tax be sustained upon the theory that it is a tax upon the business of operating a motor vehicle for hire rather than upon the ownership of the vehicle, since the word "business" and the word "use" as used in the statutes mean the same thing. *S. v. Fink*, 179 N. C., 712, cited and applied.

APPEAL by defendant from *Ervin, Special Judge,* at August Civil Term, 1940, of CABARRUS. Affirmed.

*Facts.* The plaintiff, a resident of the city of Concord, during the fiscal year beginning 1 June, 1939, and expiring 31 May, 1940, owned and operated a passenger motor vehicle for hire, being commonly known as a "taxi." That the business of the plaintiff consisted in transporting passengers for compensation from place to place over the streets and highways within the city of Concord as well as from place to place outside the city of Concord. For the year 1939, and for the year 1940, the plaintiff's for-hire passenger vehicle was licensed by the State of North Carolina as such and the State of North Carolina collected from the plaintiff for the said years of 1939 and 1940, a for-hire passenger vehicle licensed at the rate provided by law for such for-hire passenger vehicle. The tax levied and collected was at the rate of $1.90 per hundred pounds of weight as provided in Public Laws of 1937, chapter 407, section 51 (c). On 8 June, 1939, the board of aldermen of the city of Concord passed an ordinance entitled "An Ordinance to Amend the Privilege Tax Ordinance of the City of Concord Relating to the Taxing of Motor Vehicles for Hire." On 29 June, 1939, the plaintiff paid to the city of Concord, under written protest, the sum of $25.00 in payment of taxi license levied under the ordinance adopted 11 May, 1939, and amended 8 June, 1939, for the year beginning 1 June, 1939, and expiring 31 May, 1940, and the city of Concord then issued and delivered to the plaintiff a tin plate bearing the words and figures as follows: "Concord—Car for Hire—Expires May 31, 1940—20." The said tin plate was similar to the ordinary motor vehicle license plate issued by the State of North Carolina, and that the plaintiff was required to attach the said tin plate to his for-hire motor vehicle and to keep the same on his said vehicle during the life of the license. On 26 July, 1939, the plaintiff made written demand upon the defendant, Waller D. Brown, Treasurer of the city of Concord, for refund of $25.00 taxi license paid on 29 June, 1939. The city of Concord failed and refused to refund the said sum to the plaintiff and notified the plaintiff that the same will not be refunded by order of the board of aldermen of the city of Concord. On 29 May, 1940, this action was instituted before C. A. Robinson, justice of the peace, to recover said tax, and was submitted and heard on agreed statement of facts as appears in the record. From the judgment in favor of the plaintiff, rendered by the justice of

the peace, the defendant appealed to the Superior Court, and from a judgment in favor of plaintiff, rendered in the Superior Court, the defendant excepted, assigned error and appealed to the Supreme Court. In addition to the payment of the $25.00 license, the plaintiff also paid $1.00 license on his for-hire passenger motor vehicle; that the said tax of $1.00 was not paid under protest, its refund has not been demanded and it is not involved in this action.

*E. T. Bost, Jr., for plaintiff.*
*Hartsell & Hartsell and Waller D. Brown for defendant.*

Clarkson, J.  The only question for us to determine on this appeal is: Has the city of Concord the authority to levy a license or privilege tax of $25.00 on each taxicab or motor vehicle for hire owned or operated by a resident within the city of Concord?  We think not.

The defendant contends that the city of Concord has the power under the provisions of Private Laws of 1907, ch. 344, sec. 50 (d), and also under the general law, C. S., 2677, to levy the tax.

The plaintiff's for-hire passenger vehicle was, during the year of 1939, and during the year 1940, licensed by the State of North Carolina as such.  During the said years, the plaintiff paid to the State of North Carolina a license fee on his for-hire passenger vehicle at the rate of $1.90 per hundred pounds of weight.

The plaintiff contends that the city of Concord does not have the power to levy the tax in question.  That power has been withdrawn from the city of Concord as well as from all other cities and towns within the State.

Public Laws of 1937, chapter 407, provides: "Sec. 61, Taxes Compensatory.  (a) That all taxes levied under the provisions of this act are intended as compensatory taxes for the use and privileges of the public highways of this State, and shall be paid by the commissioner to the State Treasurer, to be credited by him to the State Highway Fund; and no county or municipality shall levy any license *or privilege tax upon the use of any motor vehicle licensed by the State of North Carolina, except that cities and towns may levy not more than one dollar* ($1.00) per year upon any such vehicle resident therein."  "Section 145.  Repealing Clause.  *That all laws and clauses of laws in conflict with the provisions of this act or laws or clauses of laws providing otherwise for the subject matter of this act are hereby repealed."*  (Italics ours.)

The city of Concord, by and through the board of aldermen, on 8 June, 1939, passed the following ordinance: "An Ordinance: To Amend the Privilege Tax Ordinance of The City of Concord Relating To The Taxing of Motor Vehicles For Hire.  The Board of Aldermen

of the City of Concord do ordain: Section 1. That section 9 of the Ordinance Levying, Assessing, Imposing and Defining the License and Privilege Taxes of the City of Concord, for the year beginning June 1, 1939, and ending May 31, 1940, heretofore ordained on the 11th day of May, 1939, be and the same is hereby amended by striking out the words and figures 'motor vehicles for hire: Automobiles bonded $25.00; Trucks owned or operated in the City, $25.00' and by inserting in lieu thereof the following: 'Motor Vehicles for hire': 'Every person, firm or corporation engaged in *the business of operating an automobile or automobiles for hire, commonly designated as taxi-cabs,* shall apply for and obtain from the Tax Collector of the City of Concord a city privilege license *for the purpose of engaging in such business* in the City of Concord, and shall pay for such privilege, for each automobile so owned or operated, a tax of $25.00. And every person, firm or corporation engaged in the business of operating motor trucks for hire in the City of Concord shall apply for and obtain a city privilege license for the purpose of engaging in such business, and shall pay for such privilege, for each truck owned or operated, a tax of $25.00.' Section 2. That this ordinance shall take effect and be in force from and after its publication."

As authority to enact the above ordinance, the defendant introduced in evidence the following act relating to the city of Concord: "Private Laws of 1907, Chap. 344, Section 50. That among the powers conferred on the board of aldermen are these: '(d) To regulate, control, tax and license all franchises, privileges, *businesses,* trades, professions, callings or occupations which are now or may hereafter be taxed by the laws of the State of North Carolina, by imposing a franchise, license or privilege tax upon each and every of the aforementioned subjects in such a manner as the aldermen may deem proper, not to exceed $1,000.00.' Private Laws of 1925, Chapter 104, Section 2. 'That chapter three hundred and forty-four of the Private Laws of One Thousand Nine Hundred and Seven be further amended by adding after Section eighty-nine a new section to be known as 'Section eighty-nine-a' to read as follows: 'Section 89a. In addition to the powers and privileges hereinbefore conferred, the City of Concord shall have all the powers incident and usual to corporations of like character under the general laws of the State; and the amounts of tax named above which the City is authorized to levy and collect shall only be a guide and shall not be binding as to the amount of tax the city may levy on each trade, profession, business or franchise but the amount of tax which the city may levy and collect on each trade, profession, *business,* or franchise shall be in the discretion of the board of aldermen.' "

The plaintiff contends that the act above quoted does not give the city of Concord the authority it claimed. That it is prohibited under the

12—218

Cox *v.* Brown.

general State statute, as follows: "And no county or municipality shall levy any license or *privilege tax upon the use of any motor vehicle licensed by the State of North Carolina.*" And in the repealing clause, "All laws and clauses of laws in conflict . . . or providing otherwise are repealed."

In *Comrs. v. Comrs.*, 186 N. C., 202 (204), it is written: "And in determining whether there is a repugnancy, it is the approved rule here and elsewhere that the intent of the Legislature must be sought primarily in the language used, and 'where this is free from ambiguity and expresses plainly, clearly and distinctly the sense of the framers, a resort to other means of interpretation is not permitted.' *Kearney v. Vann,* 154 N. C., 311; *In re Applicants for License,* 143 N. C., 1. . . . (p. 205) And from Lewis' Sutherland on Statutory Construction (2d Ed.) sec. 267, 'Where the intention of the Legislature is so apparent on the face of the statute that there can be no question of its meaning, there is no room for construction.' "

In the case of *S. v. Prevo,* 178 N. C., 740 (743), it is said: "It is well understood that municipalities, in the exercise of their governmental functions, are subject to almost unlimited legislative control, except when restricted by constitutional provision. And it is uniformly held that a town ordinance in violation of a valid State statute appertaining to the question is void," citing *Trustees v. Webb,* 155 N. C., 379; *S. v. Beacham,* 125 N. C., 652; *Shaw v. Kennedy,* 4 N. C., 591; 19 R. C. L., 803, and cases cited.

The city of Concord is an agency, created by the State, and has no power or authority except that granted by the General Assembly. The repealing clause is clear and not ambiguous and takes away from the city of Concord the right to pass the ordinance which it attempted to pass and which is in controversy in the present case.

The question raised in this case, we think, is settled in *S. v. Fink,* 179 N. C., 712 (715-16). *Hoke, J.,* so clearly states the law that we quote fully: "It is insisted for the State that the license fee, provided for in the public law, is one of ownership merely, and in no way affects the provision in the charter of the city of Concord, Private Laws 1907, ch. 314, empowering its authorities to 'regulate, control, tax, and license all franchises, privileges, business, trades, professions, callings, occupations, etc., by imposing a franchise license or privilege tax upon each and every of the afore-mentioned subjects,' etc. But, in our view, the tax imposed in the general law is a license tax for the privilege of operating motor vehicles: 1. For private use. 2. For carrying passengers for hire, and is one and the same kind of tax formerly authorized under the city charter that is a franchise, license or privilege tax. It is stated in the ordinance that the tax of $20 is imposed for privilege of oper-

ating an automobile for hire, and this being true, the force and effect of the State law, regulating the use and operating of automobiles for hire, is to withdraw motor vehicles for hire from the power to tax this occupation, as conferred generally in the charter, and limits the power for this purpose to a tax of $1, as the later State statute clearly and in express terms provides. These statutes appertaining to the same subject are to be construed together, *Keith v. Lockhart,* 171 N. C., 451, and, by correct interpretation, the particular intent expressed in the later State statute will control the power conferred generally in the charter and constituting the business of operating motor vehicles for hire an exception, with the tax thereon restricted to one dollar. *Rankin v. Gaston County,* 173 N. C., 683; *Bramham v. Durham,* 171 N. C., 196; *School Comrs. v. Aldermen,* 158 N. C., 191-198. In the *School Comrs. case, supra,* the principle is stated as follows: 'When a general intent is expressed in a statute, and the act also expresses a particular intent incompatible with the former, the particular intent is to be considered in the nature of an exception,' citing 1 Lewis Sutherland on State Construction (2d Ed.), sec. 268; *Rodgers v. U. S.,* 185 U. S., 83; *Slockett v. Byrd,* 18 Md., 484; *Dahuke v. Roper,* 168 Ill., 102, and authoritative cases on the subject elsewhere are to the same general effect. *Barrett v. New York,* 189 Fed., 268; *Buffalo v. Lewis,* 192 N. Y., 193; *Newport v. Merkel Bros.* (Ky.), 161 S. W., 549; *Helena v. Dunlap,* 102 Arkansas, 131. The city authorities, therefore, being without power to impose a license tax on this business greater than $1, the ordinance by which they undertake to collect a tax of $20, contrary to the provisions of the general law, must be declared void, and the prosecution predicated upon it necessarily fails. *S. v. Prevo,* 178 N. C., 740, citing *S. v. Webber,* 107 N. C., 962."

It will be noted that the ordinance says "engaged in the business of operating an automobile or automobiles for hire commonly designated as taxi-cabs," etc.

The defendant contends that the city of Concord has the power and authority to tax the *business* or trade of operating a passenger motor vehicle for hire over its streets and highways. We cannot so hold.

The State act, upon which plaintiff relies, says: "And no county or municipality shall levy any license or privilege tax *upon the use of any motor vehicle* license by the State of North Carolina, except that cities and towns may levy not more than one dollar ($1.00) per year upon any such vehicle resident therein." "Section 145. Repealing Clause. That all laws and clauses of laws in conflict with the provisions of this Act or laws or clauses of laws providing otherwise for the subject matter of this Act are hereby repealed."

The State prohibits *"tax upon the use"* and the ordinance applies to those engaged in the *"business."* Both the State statute and the ordinance are aimed at the same object—the use of motor vehicles for hire—taxicabs. The *business* and *use* are the same. The contention of defendant is a "distinction without a difference." On the argument defendant admitted that our former opinion (the *Fink case, supra*) is a "lion in the path." We think the *Fink case, supra,* is sound and logical and applicable to the present case, and we see no reason to change or modify it.

The judgment of the court below is

Affirmed.